UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS EARL PUTNEY,<br><br>   Plaintiff,<br><br>   v.<br><br>WARDEN ROBERT FOX, et al.,<br><br>   Defendants. | No. 2:17-cv-1507 DB P<br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Plaintiff has consented to the jurisdiction of a magistrate judge.

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## I.     Screening Requirement

The in forma pauperis statute provides, "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II.    Pleading Standard

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 677-78.

## III.   Plaintiff's Allegations

Plaintiff's allegations span a number of years (2011-2017), during which he was housed at various institutions. He names as defendants Salinas Valley State Prison ("SVSP"); "Stockton

Medical State Prison," which the court construes as California Health Care Facility in Stockton, California ("CHCF"); and unnamed doctors, psychiatric technicians, nurses, and unit supervisors at SVSP and CHCF. He also names California Medical Facility ("CMF") Warden Robert Fox; Dr. Joseph Bick, Chief Medical Executive at CMF; and Dr. Shaw; plaintiff's primary care physician ("PCP") at CMF. Lastly, he names John or Jane Doe, Acting Director of the California Department of Corrections and Rehabilitation ("CDCR"). The defendants are named in their individual and official capacities.

Plaintiff's allegations may be fairly summarized as follows:

Plaintiff suffers from painful muscle spasms and bone tendon locks in his feet and lower back. In 2011, while housed at Wasco State Prison ("WSP"), plaintiff was issued a permanent restricted status chrono limiting him to lifting no more than 19 pounds and standing or sitting for no more than one hour at a time. Despite the defendants' knowledge of plaintiff's health condition, they failed to provide medical tests (yearly low back steroid shots and feet cortisone shots, bone density tests, etc.), medical treatment (low back surgery, corrective right foot bunion operation, etc.), and medical equipment (wedge pillow, egg crate mattress and/or double bed mattress, wrist wrap supports, knee brace, back brace, etc.). They have done this in violation of CDCR regulations.

Plaintiff also suffers from unspecified mental health issues. He contends he has "denied [himself] emergency mental health treatment" in order to pursue the claims asserted here based on his physical ailments.

Attached to the complaint are over 450 pages, which include multiple requests for appointment of counsel, a letter which the court construes as a request for temporary restraining order, and a motion for "expedited hearing and preliminary relief." He also submits copies of several inmate grievances, his requests for accommodation, and his medical records.

Plaintiff brings suit under the Eighth Amendment and state law claims of "medical malpractice - medical negligence – strict liability – intentional inflection [sic] of pain – pain and suffering…." He seeks damages and injunctive relief.

////

3

**IV.    Screening Discussion**

    **A.    Eleventh Amendment Immunity**

Plaintiff's request for damages must be limited in part. "The Eleventh Amendment bars suits for money damages in federal court against a state [and] its agencies . . . ." Aholelei v. Dept. of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007). Even where the state is not named in the action, if the state is the real, substantial party in interest it is entitled to invoke Eleventh Amendment immunity. Edelman v. Jordan, 415 U.S. 651, 663 (1974). The Eleventh Amendment does not immunize the State from suits seeking prospective injunctive relief. Jackson v. Hayakawa, 682 F.2d 1344, 1351 (9th Cir. 1982). Nor does the Eleventh Amendment bar suits seeking damages from public officials acting in their personal capacities. Hafer v. Melo, 502 U.S. 21, 30 (1991). "Personal-capacity suits . . . seek to impose individual liability upon a government officer for actions taken under color of state law." Hafer, 502 U.S. at 25. In this action, plaintiff is suing all of the defendants in their official and individual capacities. Insofar as plaintiff seeks monetary relief from the defendants in their official capacities, he is barred by the Eleventh Amendment.

    **B.    Linkage**

Section 1983 provides a cause of action for the violation of plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir. 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). To state a claim, a plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 677; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934.

Plaintiff's complaint does not include any charging allegations specific to any of the defendants. Rather, he claims the defendants, generally, have been deficient in providing medical care to him. It is unclear, though, how and to what extent each named defendant personally participated in the deprivation of plaintiff's rights.

////

While plaintiff has included hundreds of pages of attachments, the court declines to peruse them in order to locate the elements of one or more claims. It is plaintiff's responsibility to clearly and succinctly provide the factual basis for his claims in the complaint, not spread out in attachments to the pleading.

To the extent that plaintiff alleges liability under § 1983 based on any of the defendants' roles as supervisory officials, the Supreme Court has emphasized that the term "supervisory liability," loosely and commonly used by both courts and litigants alike, is a misnomer. Iqbal, 556 U.S. at 677. "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." Id. at 676. Rather, each government official, regardless of his or her title, is only liable for his or her own misconduct. Id. at 677. Accordingly, plaintiff fails to state a claim against any of the defendants in their supervisory capacities.

For these reasons, plaintiff's complaint must be dismissed, but leave to amend will be granted.

**C.    Doe Defendants**

Plaintiff identifies a number of defendants as Doe defendants whose identity he states he will locate during the course of this litigation. Plaintiff is advised that the use of fictitiously named Doe defendants is generally not favored. Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980). However, amendment is allowed to substitute true names for fictitiously named defendants. Merritt v. County of Los Angeles, 875 F.2d 765, 768 (9th Cir. 1989).

**D.    Statute of Limitations**

It appears that plaintiff is asserting claims spanning a period from 201 to 2017. Some of these claims may be untimely as having been filed beyond the relevant statute of limitations.

In federal court, federal law determines when a claim accrues, and "under federal law, a claim accrues 'when the plaintiff knows or has reason to know of the injury which is the basis of the action.'" Lukovsky v. City and County of San Francisco, 535 F.3d 1044, 1048 (9th Cir. 2008) (quoting Two Rivers v. Lewis, 174 F.3d 987, 991 (9th Cir. 1999); Fink v. Shedler, 192 F.3d 911, 914 (9th Cir. 1999)).

////

In the absence of a specific statute of limitations, federal courts should apply the forum state's statute of limitations for personal injury actions. Lukovsky, 535 F.3d at 1048; Jones v. Blanas, 393 F.3d 918, 927 (2004); Fink, 192 F.3d at 914. California's two-year statute of limitations for personal injury actions applies to 42 U.S.C. § 1983 claims. See Jones, 393 F.3d at 927. California's statute of limitations for personal injury actions requires that the claim be filed within two years. Cal. Code Civ. Proc., § 335.1.

In actions where the federal court borrows the state statute of limitations, the court should also borrow all applicable provisions for tolling the limitations period found in state law. See Hardin v. Straub, 490 U.S. 536, 539 (1989). Pursuant to California Code of Civil Procedure, § 352.1, a two-year limit on tolling is imposed on prisoners. Section 352.1 provides, in pertinent part, as follows:

> (a) If a person entitled to bring an action,...is, at the time the cause of action accrued, imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term less than for life, the time of that disability is not a part of the time limited for the commencement of the action, not to exceed two years.

Cal. Code Civ. Proc., § 352.1.

The equitable tolling doctrine also tolls the statute of limitations while exhaustion occurs. Donoghue v. County of Orange, 848 F.2d 926, 930-31 (9th Cir. 1988); Addison v. State of California, 21 Cal.3d 313, 318 (1978). Additionally, whether an inmate is entitled to equitable tolling is decided by state law except to the extent that it is inconsistent with federal law. Jones, 393 F.3d at 927. Under California law, equitable tolling is available where there is "timely notice, and lack of prejudice to the defendant, and reasonable and good faith conduct on the part of the plaintiff." Daviton v. Columbia/HCA Healthcare Corp., 241 F.3d 1131, 1132 (9th Cir. 2001) (quoting Addison, 21 Cal.3d at 319). Equitable tolling applies "to suspend or extend a statute of limitations as necessary to ensure fundamental practicality and fairness." Jones, 393 F.3d at 927 (quoting Lantzy v. Centex Homes, 31 Cal.4th 363, 370 (2003)). Application of equitable tolling "requires a balancing of the injustice to the plaintiff occasioned by the bar of his claim against the effect upon the important public interest or policy expressed by the...limitations statute." Jones, 393 F.3d at 927 (quoting Lantzy, 31 Cal.4th at 371)).

Plaintiff acknowledges that some of his claims may be untimely but asserts that his mental health was a bar to bringing those claims earlier. The court is unable to opine on this issue at this time, but nonetheless forewarns plaintiff that some of his claims may be subject to dismissal as untimely.

### E. Eighth Amendment Medical Indifference

Deliberate indifference to a prisoner's serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. See Estelle v. Gamble, 429 U.S. 97, 102-04 (1975). "In the Ninth Circuit, the test for deliberate indifference consists of two parts. First, the plaintiff must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. Second, the plaintiff must show the defendant's response to the need was deliberately indifferent. This second prong ... is satisfied by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal citations, punctuation and quotation marks omitted).

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06). "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995); McGuckin, 974 F.2d at 1050, overruled on other grounds, WMX, 104 F.3d at 1136. Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

A difference of opinion between medical professionals concerning the appropriate course of treatment generally does not amount to deliberate indifference to serious medical needs.

7

Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989). Also, "a difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a [§]1983 claim." Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981). To establish that such a difference of opinion amounted to deliberate indifference, the prisoner "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances" and "that they chose this course in conscious disregard of an excessive risk to [the prisoner's] health." See Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996); see also Wilhelm v. Rotman, 680 F.3d 1113, 1123 (9th Cir. 2012) (awareness of need for treatment followed by unnecessary delay in implementing the prescribed treatment sufficient to plead deliberate indifference); see also Snow v. McDaniel, 681 F.3d 978, 988 (9th Cir. 2012) (decision of non-treating, non-specialist physicians to repeatedly deny recommended surgical treatment may be medically unacceptable under all the circumstances).

Plaintiff claims that the defendants have demonstrated deliberate indifference to his medical needs, but he provides no specific allegations that would suggest a sufficiently culpable state of mind. Accordingly, he fails to state a claim.

**F.     Violation of CDCR Regulations**

Plaintiff appears to bring suit, in part, on the defendants' alleged failure to comply with CDCR regulations. A violation of a prison regulation, which is not itself challenged as unconstitutional, does not provide a basis for liability. Sandin v. Conner, 515 U.S. 472, 481-82 (1995) (a "prison regulation [is] primarily designed to guide correctional officials in the administration of a prison" and is "not designed to confer rights on inmates...."). Thus, any claims based on the mere violation of a regulation are not actionable.

**G.     California Tort Claims Act**

Plaintiff asserts various state law claims, but he has not shown that he complied with California's Government Tort Claims Act ("the Act"), a necessary prerequisite to a state law claim against a state official. A claim under the Act must be presented to the Victim Compensation and Government Claims Board within six months of the alleged tortious conduct. Cal. Gov't Code § 911.2. Compliance with the Act is an element of the cause of action, State of

Cal. V. Superior Court (Bodde), 32 Cal. 4th 1234, 1240 (2010), is required, Mangold v. California Public Utilities Com'n, 67 F.3d 1470, 1477 (9th Cir. 1995), and "failure to file a claim is fatal to a cause of action." Hacienda La Puente Unified School Dist. of Los Angeles v. Honig, 976 F.2d 487, 495 (9th Cir. 1992). Additionally, insofar as plaintiff seeks to impose liability on any of the supervisory defendants, they are immune from liability for the actions of their subordinates. California's Government Code § 820.8 states in part that "a public employee is not liable for an injury caused by the act or omission of another person."

**V.     Plaintiff's Motions**

   **A.     Motion for Temporary Restraining Order**

Attached to the complaint is a letter that the court construes as a motion for temporary restraining order seeking, inter alia, the immediate provision of medical care and treatment.

The purpose of a temporary restraining order is to preserve the status quo before a preliminary injunction hearing may be held; its provisional remedial nature is designed merely to prevent irreparable loss of rights prior to judgment. Sierra On-Line, Inc. v. Phoenix Software, Inc., 739 F.2d 1415, 1422 (9th Cir. 1984). Under Federal Rule of Civil Procedure 65, a temporary restraining order may be granted only if "specific facts in an affidavit or verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A).

The standard for issuing a temporary restraining order is identical to the standard for a preliminary injunction. See Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc., 240 F.3d 832, 839 n.7 (9th Cir. 2001). A preliminary injunction is an extraordinary and drastic remedy, never awarded as of right. Munaf v. Geren, 553 U.S. 674, 689-90 (2008) (citations omitted). A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest. Winter v. Natural Res. Def. Council, 555 U.S. 7, 20 (2008). A preliminary injunction may issue where the plaintiff demonstrates the existence of serious questions going to the merits and the hardship balance tips sharply toward the plaintiff, assuming the other two elements of the Winter test are also met.

Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131-32 (9th Cir. 2011). Under either formulation of the principles, preliminary injunctive relief should be denied if the probability of success on the merits is low. See Johnson v. Cal. State Bd. of Accountancy, 72 F.3d 1427, 1430 (9th Cir. 1995) (even if the balance of hardships tips decidedly in favor of the moving party, it must be shown as an irreducible minimum that there is a fair chance of success on the merits).

As noted supra, this action must be dismissed for failure to state a claim. Thus, at this stage of the proceedings, there is no operative pleading. The court therefore cannot opine that plaintiff is likely to succeed on the merits of his claims. Furthermore, no defendants have yet appeared in this action, and the court does not have jurisdiction to order injunctive relief which would require directing parties not before the Court to take action. Zepeda v. United States Immigration & Naturalization Serv., 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court.").

Accordingly, plaintiff's motion for temporary restraining order must be denied.

**B.     Motions for Appointment of Counsel**

Plaintiff has also submitted multiple requests for the appointment of counsel based on his indigent status, his unfamiliarity with the law, and his severe mental illness. In support, he includes a copy of a July 5, 2013, order in an unrelated habeas case, Putney v. State of California, 1:13-cv-0771-JLT, in which he was appointed counsel based on the contends of a July 21, 2011, letter from a mental health provider addressing plaintiff's mental health condition in the context of his guilty plea for his underlying conviction.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in

light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. Furthermore, even assuming plaintiff's mental illness, the court does not find that he the illness presently impairs his ability to articulate his claims. Finally, plaintiff's complaint will be dismissed for failure to state a claim, and the court is thus unable to say whether plaintiff has a likelihood of success on the merits. In the present case, then, the court does not find the required exceptional circumstances.

### C. Motion for Expedited Consideration

Lastly, plaintiff moves for speedier consideration of his claims. It has often been noted that judges in the Eastern District of California carry the heaviest caseloads in the nation, and this court is unable to devote inordinate time and resources to individual cases and matters. Thus, plaintiff's motion will be denied insofar as he seeks to impose different time frames than this court is able to provide. The undersigned also notes that this action, though filed on May 1, 2017, was transferred to this district on July 20, 2017, and is being screened now, approximately one month later. This reflects a remarkably speedy screening of plaintiff's claims upon transfer to this overburdened district.

## VI. Conclusion

For the aforementioned reasons, plaintiff's complaint does not state a claim for relief. The court will grant plaintiff an opportunity to file an amended complaint. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If plaintiff opts to amend, he must demonstrate that the alleged acts resulted in a deprivation of his constitutional rights. Iqbal, 556 U.S. at 677-78. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 678 (quoting Twombly, 550 U.S. at 555 (2007)). Plaintiff must also demonstrate that each named defendant personally participated in a deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

////

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff should carefully read this Screening Order and focus his efforts on curing the deficiencies set forth above.

Finally, plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. Fed. R. Civ. P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's application to proceed in forma pauperis (ECF No. 6) is granted;
2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith;
3. Plaintiff's complaint is dismissed;
4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and two copies of the amended complaint;

////

failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed;

5. Plaintiff's motion for temporary restraining order is denied;

6. Plaintiff's motions for appointment of counsel are denied; and

7. Plaintiff's motion for expedited consideration is denied.

Dated: September 13, 2017

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

/DLB7;
DB/Inbox/Substantive/putn1507.scrn

13