UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

THOMAS EARL PUTNEY,

    Plaintiff,

  v.

WARDEN ROBERT FOX, et al.,

    Defendants.

No.  2:17-cv-1507 WBS DB P

ORDER AND

FINDINGS AND RECOMMENDATIONS

   Plaintiff is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

   On September 14, 2017, plaintiff's complaint was dismissed with leave to amend for failure to state a claim. The deadline for filing this pleading passed on April 20, 2018, and plaintiff has not filed a first amended complaint. Instead, he filed two documents requesting injunctive relief, the appointment of counsel, and photocopies of court filings. (ECF Nos. 24, 30.)

**I. First Amended Complaint**

   As noted, the docket reflects that the deadline for filing an amended complaint has passed, and plaintiff has not yet filed an amended pleading. In a recently-filed letter, plaintiff asks if the court has received his amended complaint "back in March of 2018." There no such pleading on file. In fact, the court granted plaintiff an extension of time on March 20, 2018, to file the

pleading within thirty days. As of this date, plaintiff has not re-filed an amended complaint. Nonetheless, plaintiff will be granted an of time until August 13, 2018 to re-file the first amended complaint that he claims he has already filed. If plaintiff fails to do so, the undersigned will recommend that this action be dismissed for plaintiff's failure to comply with a court order and failure to state a claim.

## II. Request for Copies

Plaintiff also seeks photocopies of his "entire 450 page plus original submitted 1983 civil suit [illegible] some couple of years back." (ECF No. 30 at 2.) The nature of plaintiff's request is not clear since this action was filed only one year go in May 2017, not "some couple of years back," and the minimal filings in this case do not total 450 pages. Because of the vagueness of plaintiff's request, it will be denied.

## III. Motion for Appointment of Counsel

Plaintiff next seeks appointment of counsel on the ground that he has an unspecified mental impairment preventing him from meeting deadlines. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. In the present case, while plaintiff claims that a mental impairment warrants the appointment of counsel, he does not specify the impairment or submit any supporting documents.

////

2

1    Without this information, the court does not find the required exceptional circumstances.

2    Plaintiff's request will therefore be denied.

3    **IV.     Motion for Injunctive Relief**

4          Lastly, plaintiff seeks injunctive relief "from CDCR's blatant discriminatory / retaliatory

5    acts against petitioner here simply for him filing lawsuit here and for me submitting additional

6    multiple urgent medical 602 appeals." (ECF No. 30 at 2.)

7          A temporary restraining order is an extraordinary measure of relief that a federal court

8    may impose without notice to the adverse party only if, in an affidavit or verified complaint, the

9    movant "clearly show[s] that immediate and irreparable injury, loss, or damage will result to the

10   movant before the adverse party can be heard in opposition." See Fed. R. Civ. P. 65(b)(1)(A).

11   Local Rule 231(a) states that "[e]xcept in the most extraordinary of circumstances, no temporary

12   restraining order shall be granted in the absence of actual notice to the affected party and/or

13   counsel[.]"  In the absence of such extraordinary circumstances, the court construes a motion for

14   temporary restraining order as a motion for preliminary injunction. See, e.g., Aiello v. One West

15   Bank, No. 2:10–cv–0227–GEB–EFB, 2010 WL 406092, at *1–2 (E.D. Cal. Jan. 29, 2010).

16         A party requesting preliminary injunctive relief must show that "he is likely to succeed on

17   the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the

18   balance of equities tips in his favor, and that an injunction is in the public interest." Winter v.

19   Natural Res. Def. Council, 555 U.S. 7, 20 (2008).  The propriety of a request for injunctive relief

20   hinges on a significant threat of irreparable injury that must be imminent in nature.  Caribbean

21   Marine Serv. Co. v. Baldrige, 844 F.2d 668, 674 (9th Cir. 1988).

22         Plaintiff's motion for injunctive relief is also far too vague to justify relief. Initially, there

23   is not an operable pleading in this action, and plaintiff's original complaint was dismissed for

24   failure to state a claim. There is thus no basis upon which the court can find a likelihood of

25   success on the merits. Furthermore, plaintiff claims CDCR is discriminating and/or retaliating

26   against him, but this entity is not named in this action. To the extent plaintiff asks the court to

27   direct non-parties to act or to refrain from acting, the court lacks jurisdiction over them.

28         For these reasons, plaintiff's request for injunctive relief must be denied.

**V.     Conclusion**

Based on the foregoing, IT IS HEREBY ORDERED that:

1.  Plaintiff's request for copies (ECF No. 30) is denied;

2.  Plaintiff's motions for appointment of counsel (ECF Nos. 24, 30) are denied;

3.  Plaintiff shall file his amended pleading by August 13, 2018; and

IT IS HEREBY RECOMMENDED that plaintiff's motion for injunctive relief (ECF No. 24) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections. Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  July 13, 2018

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

/DLB7;
DB/Inbox/Substantive/putn1507.tro mac fac

4