UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS EARL PUTNEY, | No. 2:17-cv-1507 WBS DB P |
| Plaintiff, | |
| v. | ORDER AND |
| WARDEN ROBERT FOX, et al., | FINDINGS AND RECOMMENDATIONS |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

On September 14, 2017, plaintiff's complaint was dismissed with leave to amend for failure to state a claim. The deadline for filing the amended pleading passed on April 20, 2018, but plaintiff did not file a first amended complaint. On July 16, 2018, the undersigned granted plaintiff an extension until August 13, 2018, based on plaintiff's claim that he had already mailed his first amended complaint in March 2018. (ECF No. 31.) Presuming this pleading had been lost, plaintiff was given an extension of time to re-file it and specifically informed that "[i]f plaintiff fails to [file the pleading], the undersigned will recommend that this action be dismissed for plaintiff's failure to comply with a court order and failure to state a claim."

////

1

Again, the deadline for filing the pleading passed, and plaintiff has not filed the first amended complaint. Instead, he filed a document titled "Emergency Petition" (ECF No. 32) claiming that he does not have a copy of his pleading for refiling and that the only person who does have a copy is an inmate who helped plaintiff draft it. Plaintiff seeks yet another extension of time and asks the court to contact this inmate for a copy of the pleading. Plaintiff also seeks an institutional transfer "where [he]'ll not be subjected to illegal mail tampering."

Plaintiff was previously forewarned that his failure to file an amended complaint would result in a recommendation to dismiss this action. Since the court is unconvinced by plaintiff's new claim that another inmate kept a copy of the first amended complaint in this case to "safe guard" it, his emergency petition will be denied.

"Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court." Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992). "In determining whether to dismiss a case for failure to comply with a court order the district court must weigh five factors including: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.'" Ferdik, 963 F.2d at 1260-61 (quoting Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986)); see also Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995).

In determining to recommend that this action be dismissed, the court has considered the five factors set forth in Ferdik. Here, as in Ferdik, the first two factors strongly support dismissal of this action. The action has been pending since May 2017, and plaintiff has been directed to file an amended pleading since September 14, 2017. Although plaintiff has had nearly one year to file a first amended complaint, he has either failed to meet deadlines or has sought multiple extensions, he has asserted unsubstantiated claims of mail tampering, and he has raised an altogether new claim that another inmate retains the only copy of plaintiff's allegedly previously-filed pleading. Plaintiff's failure to comply with court orders to file his first amended complaint suggests that he has in fact abandoned this action and that further time spent by the court thereon

will consume scarce judicial resources in addressing litigation which plaintiff demonstrates no intention to pursue.

The fifth factor also favors dismissal. The court has advised plaintiff of the requirements under the Local Rules and granted ample additional time to file the pleading, all to no avail. The court finds no suitable alternative to dismissal of this action.

Under the circumstances of this case, the third factor, prejudice to defendants from plaintiff's failure to oppose the motion, should be given little weight. Plaintiff's pleading was dismissed for failure to state a claim, and there are not defendants current in this action. The fourth factor, public policy favoring disposition of cases on their merits, weighs against dismissal of this action as a sanction. However, for the reasons set forth supra, the first, second, and fifth factors strongly support dismissal and the third factor does not mitigate against it. Under the circumstances of this case, those factors outweigh the general public policy favoring disposition of cases on their merits. See Ferdik, 963 F.2d at 1263.

Accordingly, IT IS HEREBY ORDERED that plaintiff's "Emergency Petition" and motion for extension of time (ECF No. 32) is DENIED; and

IT IS HEREBY RECOMMENDED that this action be dismissed for plaintiff's failure to comply with a court order and failure to state a claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: September 6, 2018

/DLB7;
DB/Inbox/Substantive/putn1507.fta2

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE